IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-00011 (WLS-TQL-1) |
| | : |
| JAMES LEE BLANTON, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court is a "Motion for Continuance" filed by Defendant James Lee Blanton in the above-styled action on October 1, 2021. (Doc. 42.) Therein, Counsel for the Defendant requests that the Court continue this case and the pretrial conference scheduled for October 12, 2021 to the next available trial term. (*Id.*) Defendant's Counsel explains that she is in the process of reviewing discovery and is currently scheduled to be out of the state for a continuing legal education event on the date of the pretrial conference. (*Id.*) Further, Counsel asserts that additional time is needed to complete a review of the discovery materials, investigate charges against Defendant Blanton, file applicable pretrial motions, and engage in potential plea negotiations. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny the Defendant's

counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant's in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Based on the above-stated reasons, the Court finds good cause to grant a continuance. Therefore, the Motion for Continuance (Doc. 42) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny Defendant necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. It is **ORDERED** that the case is **CONTINUED** to the February 2022 trial term in Valdosta, Georgia, which begins February 7, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the February 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The pretrial conference scheduled for October 12, 2021 is hereby **CANCELLED** and shall be rescheduled by separate Order.

**SO ORDERED**, this 5th day of October 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**