IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-00011 (WLS-TQL-1) |
| | : |
| JAMES LEE BLANTON, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court is a "Motion for Continuance" filed by Defendant James Lee Blanton in the above-styled action on December 21, 2021. (Doc. 49.) Therein, Counsel for the Defendant requests that the Court continue this case from the February 2022 Trial Term to the next available trial term. (*Id.*) Defendant's Counsel explains that a continuance is needed due to the fact "opposing counsel is currently on a Leave of Absence" and has not provided a plea agreement for review with Defendant Blanton (*Id.*) Further, Counsel asserts that additional time is needed to engage in plea negotiations following the receipt of the proposed plea agreement. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny the Defendant's counsel the reasonable time necessary for effective preparation, taking into account the

exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant's in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Based on the above-stated reasons, the Court finds good cause to grant a continuance. Therefore, the Motion for Continuance (Doc. 49) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny Defendant necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. It is **ORDERED** that the case is **CONTINUED** to the May 2022 trial term in Valdosta, Georgia, which begins May 9, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the May 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED**, this 5th day of January 2022.

                                                                         /s/ W. Louis Sands
                                                                         **W. LOUIS SANDS, SR. JUDGE**
                                                                         **UNITED STATES DISTRICT COURT**